JOHN WELLS, WILLIAM MILLER, AND LEVIN P. CLARKE, *vs.* JAMES BISCOE, CLAIMANT OF PROPERTY ATTACHED AS OF SAMUEL B. HICKOX.—*December* 1845.

A non-resident had goods in the State, which he assigned, *bona fide*, in payment of a precedent debt, to a resident; and the warehouseman, with whom the goods were deposited, accepted the order of the assignor to deliver them to the assignee. A few days after this, they were attached, as the property of the *non-resident* assignor. The assignee appeared in the cause and claimed them ; HELD, it was not necessary that the assignment should have been recorded, under the act of 1834, chap. 79, sec. 3, to perfect the transfer.

APPEAL from *Baltimore* county court.

On the 11th October 1841, the appellants sued out an attachment against the goods of *S. B. Hickox,* which was laid upon a lot of pig iron, valued at $540, and for which, *Ellicott & Brothers,* gave a receipt to the sheriff, as left by him on storage with them.

At the return of the writ, *James B. Biscoe* appeared, and claimed the iron as his own property; interposed such claim against the condemnation thereof, and ruled the plaintiffs to reply to his claim.

At a subsequent term, the plaintiff moved the county court to enter a judgment of condemnation, as for want of a plea to the attachment, which that court refused; and then the plaintiffs replied, that the iron was not the property of the claimant; on which issue was joined.

The case was then submitted on the following statement:—

It is admitted, in this case, that the iron in controversy was the property of *Samuel B. Hickox,* the defendant in the original suit, and was placed by him on storage with *Messrs.*

*Ellicott*, in whose hand the attachment was laid. That on the 7th October 1841, before the issuing of this attachment, *Hickox* assigned the said iron to *Biscoe*, the claimant *bona fide*, in payment of his note for $300, at sixty days, dated the 8th August 1840, then due, and held by *Biscoe*; that he gave the order on the *Messrs. Ellicott*, which is shewn in evidence, (marked A,) and that they accepted the said order some eight or ten days before the issuing of the attachment, and afterwards held the iron on account of *Biscoe*. That *Hickox* was, at the time of said transfer, and of the issuing of this attachment, a non-resident. That said order was not recorded, nor was any record made of said transfer, before the issuing of this attachment. It is admitted, that the debt upon which this attachment was issued, was due to the plaintiffs. If the court should be of opinion, that the above transfer is valid, the court to enter judgment for the claimant, otherwise for the plaintiffs.

Exhibit A. " *Baltimore*, October 7, 1841. *Messrs. Ellicott & Brothers*, gentlemen, please to deliver to *Mr. James Biscoe*, the high pig metal in your store, or any part thereof, that he may call for, and I will pay freight and charges, and oblige yours, &c., *Samuel B. Hickox.*—26½ tons."

Endorsed.—"Received to be recorded, the 17th day of December 1841, at two o'clock, P. M.; same day recorded in liber TK, No. 64, folio 320, one of the records of *Baltimore* county, and examined per *Thomas Kell*, clerk."

The county court was of opinion, that the assignment mentioned and referred to in the aforegoing statement of facts, is a valid and *bona fide* assignment; and that the goods and chattels, so as aforesaid attached, as of the goods and chattels of the said *Samuel B. Hickox*, are not the goods and chattels of the said *Samuel B. Hickox*, as the said *James Biscoe*, claiming as aforesaid, hath, by his claim and plea aforesaid alleged. Judgment for the claimant, from which the plaintiffs appealed to this court.

The cause was argued before DORSEY, CHAMBERS, MAGRUDER, and MARTIN, J.

By Dulany for the appellant :—

Who relied upon the third section of the act of eighteen hundred and thirty-four, section seventy-nine, which declared, that where any attachment shall be laid upon the chattels, &c., of a non-resident defendant, no transfer assignment of such chattels, &c., shall have any effect against such attachment, unless the same shall have been recorded in the office of the clerk of the county in which such attachment shall have issued, before the time of such issuing. This attachment cannot be defeated without giving effect to the unrecorded assignment, which the court will not do.

By David Stewart for the appellee :—

The iron was passed in payment of a previous claim. It was a payment. The *Ellicotts* were mere custodiaries. The order transferred the possession, and was accepted. It was not an assignment of the title; it was symbolical delivery, perfected by acceptance, equivalent to actual delivery. 24 *Pick.*, 42. 1 *Taunt.*, 459. 14 *East.*, 308. 5 *John. R.*, 335.

The construction of the act contended for, would prevent sales of merchandize, where the vendor was a non-resident. It was never intended to apply to such transactions, nor to assignments consummated by delivery. It was not intended by the act to do more than require recording, where the right of the assignee rested in action, as distinguished from possession, either in himself or his agent.

By the Court—        JUDGMENT AFFIRMED.